LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2007-1208

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO:  SMITH, THEODORE    313084                          LSP
     Inmate Name and Number                            Living Unit

Response to Request Dated 06/29/2007, Received in this Office on 07/10/2007:

Your request for an Administrative review of ARP# LSP-2007-1208 has been received.  A qualified
member of the Headquarters staff has reviewed your request in order to render a fair and impartial
response.

It has been determined, after a thorough review of all pertinent documentation, that your request has been
satisfied.  The response provided is clear and concise, as well as has addressed your request
appropriately.  As such, this office concurs with staff and finds no further investigation warranted.

Your request for Administrative Remedy is denied.


_____                        _____
        Date                                   Secretary's Signature or His Designee

CASE NUMBER: LSP-2007-1208

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>SMITH, THEODORE 313084</u>

<u>Hickory 1 (CBD U/L 0)</u>
Living Quarters

Response to request dated , received in this office on 05/02/2007

In your request for Administrative Remedy you allege that Assistant Warden Kevin Benjamin, Principal Angela Day, former Horticulture instructor Gus Watson and Compound Security are all conspiring to keep you out of vocational school. In response to your request, statements were obtained from Assistant Warden Benjamin and Mrs. Angela Day.

Assistant Warden Benjamin states that he has never cursed or treated you in an unprofessional manner. Additionally, Assistant Warden Benjamin alone does not determine who will or will not be enrolled in school, a Reclassification Board makes this determination. At this time, Horticulture school is closed so your request for enrollment in that school is moot. You are currently on the backlog list for Welding School.

Your request for Administrative Remedy is denied.

Prepared by: _____
Jennifer Davis, Admin. Assistant 5

Approved by; _____
Richard L. Peabody, Deputy Warden 5/Programming

_____
Date

_____
Unit Head

<u>Instructions to Inmate:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason:
Assistant warden Kevin Benjamin has in fact cursed me and/or Treated me in an unprofessional manner. In fact he cursed and/or Treated me in an unprofessional manner while he was trying to get me to drop this ARP. His word as a "Professional" (cont.)

<u>June 29, 2007</u>
Date

_____
Inmate's Signature    DOC#

see additional 7 Pages

Theodore Smith #313084
Camp D Falcon 4
Louisiana State Prison
Angola, La. 70712

June 29, 2007

RECEIVED

JUL 0 3 2007

Legal Programs Department

Second Step ARP
Legal Programs Dept
Louisiana State Prison
Angola, La. 70712

Re: ARP case number: LSP-2007-1208

Second Step Respondent.

Enclosed is Page 6 of ARP case number:
LSP-2007-1208. Please include it with the
rest of the document which is going to the
Second Step.

thank you

Theodore Smith

is not to be accepted at face value. Warden Benjamin's word as a "Professional" is to be scrutinized and his integrity is to be questioned. For instance; I was attending horticulture class at Louisiana Technical College's (LTC) Angola campus up until July 17, 2006; On July 17, 2006 a 30 H incident was fabricated against me by Major Timothy Leonard, Warden Benjamin and Gus watson for the sole purpose of having me put out of school. The reason Major Timothy wanted me out of school and off of the LTC compound is because I witnessed him having sex with Sgt. Tia Steward in the world of wheels building — in fact, Warden Benjamin knew of Major Leonard's and Sgt. Stewart's tryst. Major Leonard told me he was going to have me "hooked up" and put out of school because I knew too much. Sgt. Stewart gave birth to Major Leonard's child.

Assistant warden Kevin Benjamin learned that I knew he is (or rather was. He has either since slacked up or quit all together) bringing drugs into the prison. Like Major Leonard, Warden Benjamin said that he would have it worked out for me to be put out of school and eventually sent to an out camp. On June 5, 2007, he asked me to drop this ARP against him and let me know that if I don't drop it he will have me written up for drug trafficking and sent to camp J. He let me know that I would not stay on the main prison west yard if I didn't drop the ARP because he would soon be warden over the west yard. I didn't drop the ARP and after last yard call I was written up and placed in administrative segregation for 30 E drug trafficking. On June 1, 2007 Major C. Darbonne threatened me also. I filed an ARP against him and warden Benjamin. said ARP is dated June 2, 2007.

I will now show and prove the fabrication of the 30 H incident and 30 E incident and will disclose the ARP dated June 2, 2007.

Page 1 of 7

Attached as exhibit one is the 28 H disciplinary report dated July 17, 2006, the investigative report written by former Horticulture instructor Gus watson dated July 20, 2006, a letter written by warden Benjamin to the disciplinary office and signed by him and a receipt for disciplinary documentation dated July 24, 2006 with Major Paul Myers signing as a witness

As you will see on the disciplinary report written by Major Timothy Leonard dated July 17, 2006 he states that on 7/17/06 at approx 7:20 AM Mr. Gus watson reported to him that on 7/13/06 at approx 2:00pm I (allegedly) approached Mr. watson and told him I play football and that I cannot get any cleats I then (allegedly) asked Mr. watson if he would bring me a Pair on Monday 7/17/06. However, in Mr. watson's investigative report dated 7/20/06, signed by him, he states on 4/12/06 I (allegedly) approached him and asked if he would get me a Pair of football shoes. According to Mr. watson he brought the shoes to his classroo on Thursday 7/13/06 and asked warden Benjamin if he could give the shoes to me. According to Mr. watson he was told No and the warden got the shoes.

First of all, what makes this Fabricated incident an obvious lie is the Fact that none of the dates coincide with eachother. Secondly and more importantly is the Fact that if it is true that Mr. watson really brought cleats into the Prison for me (an inmate he would have been Fired on the sPot and escorted off the Prison grounds (surley the second step respondent will agree with that assertion) as the carpentry instructor (who happens to be Warden Darryal Vannoy's brother in-law if I'm not mistaken) was earlie this year for Picking upawood order for an inmate who Purchas it from a lumber yard in the free world and bringing it to T inmate. Mr. watson wasn't fired for bringing cleats to me simply because he didn't bring the cleats. No justification for firing Mr. watson existed. Therefore, he wasn't fired because he didn't bring the cleats.

It would have been warden Benjamin's job as warden over T east yard and LTC Vo-Tech compound to fire Mr. watson. If

signed by LT. Gabriel Hebert and two forms titled supplement to disciplinary report based on information from confidential informants (CI's) dated 6/05/07 and signed by LT. Hebert. This incident was also fabricated. Captain M. Laborde states in the report that I was being placed in administrative segregation pending an investigation into drug trafficing on the west yard. I had the matter put under investigation. In the investigative report signed by LT. Gabriel Hebert and dated 6/08/07 LT. Hebert states that it was learned that the drugs found on inmate Shadrick Reed #476173 on 6/04/07 by LT. Hebert on the Hickory yard were drugs sold to him by me. I placed the matter under further investigation to learn where LT. Hebert got that information from. All of a sudden two CI's allegedly gave security information. I ask that the second step respondent and/or the court take judicial notice of the fact that the disciplinary report is dated 6/05/07 and the CI supplemental report is dated 6/05/07. However, captain Laborde makes absolutely no mention of the CI supplemental (supp.) report in the original write up. Nor does LT. Hebert in his investigative report dated 6/08/07. Also notice the disciplinary office received the investigative (invest.) report on 6/11/07 – 3 days after it was filed. The CI supp. report is dated 6/05/07. However, the CI supp. reports weren't received by the disciplinary office until 6/15/07 – 10 days later. Why did it take the disciplinary office 10 days to receive the CI supp reports but only 3 days to receive the invest. report which was written 3 days after the incident? How can the investigative report be received by the disciplinary office before the CI supp. reports when the supp. reports were dated and completed before the invest. reports? I sense foul play and vie that there are no C.I.'s. They are fictitious people created by LT. Hebert and/or captain Laborde to serve as CI's, or, LT. Hebert and/or captain Laborde are the CI's. Thats actually the only plausible explanation. When I went to court I motioned for the

Page 4 of 7

Fabricated 30E charge to be dropped/dismissed on the grounds that it was impossible for me to sell Shadrick Reed marijuana on Hickory 3 yard on 6/05/07 as the fictitious CI's claim because inmate Shadrick Reed was in Administrative segregation on the date in question; and Lt. Hebert is the one who sent him there. So, if there really were 2 CI's then Lt. Hebert knew or should have known the CI information was false. From that moment Lt. Hebert and/or captain Laborde should have dismissed the CI's information as false, allowed me to return to the dormatory and sought punishment against the two lying CI's. That course of action wasn't taken though. Instead, the false information was accepted & was Placed in administrative segregation and subsequently transfered to an out camp. Attached as exhibit five is the written motion to dismiss, a motion/petition to call various witnesses and an affidavit by inmate Shadrick Reed stating, in short, that at no time did he ever purchase or get drugs from me (I don't even mess with drugs). The 30E was dismissed. However, instead of being returned to my quarters I was given a lateral transfer to out camp/medium farm line – which is a punishment – for the security of the institution, as Lt. Col. Louis Stroud Put it. That was indirect retaliation made against me by warden Benjamin and Major C. Darbonne. In transferring me, Lt. Col Stroud inadvertently admitted that retaliation is, or was going to be taken against me. Therefore, for the safety of the institution he moved me to an out camp (Thats an alternative argument). It can't be said he moved me to protect the (fictitious C.I's. I don't know who they are. Their identitys are confidential

I maintain that warden Benjamin told Angela Day not to Put me back in school. While it may very well be true that warden Benjamin alone does not determine who will or who will not be enrolled in school it doesn't change the fact that he told Ms. Day not to put me in school. I have already made a clear showing of warden Benjamin's unprofessional conduct and his disregard for institution Policy, rules, procedure's and State laws. Considering

That can anyone truly say that warden Benjamin cares whose job it is to put me back in school. As warden, he feels as though he has a say so in the matter. And as Mrs. Day told me, she'll put me on the backlog list (to save face) but that doesn't mean I'll actually get into school. I could be on the backlog list for years. I told her I am going to become a construction contractor when I get out of prison. I filled out a school application for carpentry class (as well as welding and horticulture) why can't I study carpentry? I have never in my life seen nor experienced an educational department/program so against its students. I attended Vocational school in the mississippi state penitentiary – where I studied industrial electricity and finished the 1670 hour class, and welding – with absolutely no problems. They were interested in educating their inmate students. Not making things difficult for them.

As for warden Benjamin bringing drugs into the prison. Louisiana Doc has a very rigid antidrug policy and standard. I don't have any hard tangible evidence to expose and/or prove warden Benjamin's guilt of bringing drugs into the prison. However, you can order him to submit to a lie detector test in accordance with civil service commission Rule 10.4; And if he refuses the test then terminate him. If Doc wants to keep drugs out of Angola, it would be ideal for the department to start weeding their garden and getting rid of employees who bring drugs into the institution. If Doc will not take the incitive to do that, then their rigid antidrug policy and standard is merely lip service designed to pacify the public and make themselves look good. How is it, that as a warden, warden Benjamin has more drug busts on the east yard than all of the east yard security put together? When warden Benjamin takes the lie detector test the key question to ask is if he has ever brought drugs or any other type of contraband into the Louisiana state penitentiary (Angola). Be prepared to replace him and his position as warden.

I notice that the first step respondent did not address compound security's dislike of me and having me banned

Page 6 of 7

From ever entering the compound again. Therefore, it is to be deemed that the first step respondent tacitly acquiesces to the fact that compound security dislikes me to the point of having me barred from the compound. Let the record reflect.

Despite the fact that I have already been retaliated against for this ARP I nonetheless renew my request that I not be retaliated against again.

I also renew my relief requested from the original ARP, however, with additions to it. Those additions being that I be placed in the LTC carpentry class immediately and that I immediately be transfered from camp D to main prison East yard. or, in the alternative, that warden Kevin Benjamin, mrs. Angela Day, Gus Watson and compound security be made to pay, in full, a correspondence course on construction management, etc., from ITT Technical institute; to order call 1.800.942.0088; and that administration permit me to take the correspondence course.

Additional relief requested is that warden Benjamin submit to a lie detector test regarding whether or not he has ever brought drugs or other contraband into Angola and regarding whether or not he told mrs. Angela Day not to put me into school.

To prevent me from receiving an education is a violation of my state and United States constitutional rights and I reserve the right to raise those violations in a court of law. Additional relief is that I be given a job in the main prison law library as a librarian.

Respectfully submitted

Theodore Smith #313084

Page 7 of 7

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**DISCIPLINARY REPORT**

INSTITUTION: L S P

| | | | |
|---|---|---|---|
| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
| Theodore Smith | 375084 | 7/11/00 | 7:28 Am |
| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) | |
| Horticulture Program | Horticulture | Spruce 1 | |
| 8. Rule Violated | 9. Rule Number | | |
| General Prohibited Behaviors | 30 H | | |

10. Description of Incident (include all relevant information, unusual inmate behavior, staff witnesses, physical evidence & disposition, immediate action including use of force, use other side, if necessary)

On 7/11/00 at approx. 7:28 am My Cus Watson reported to me that inmate Theodore Smith #375084 flagged him and told that he would get and Clerks he threatened him with harm if he didn't... them in his report on Monday 7/10.

11. Inmate Placed in Adm. Seg.   ☐ Yes   ☐ No

12. Signature of reporting employee

13. Name, Title, Assignment (Print)   Timothy Leonard MSgt Supv

| | | | |
|---|---|---|---|
| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to (above inmate) | 17. Inmate's Signature: |
| 7/11/00 | 7:45 | | Theodore Smith Jr |

18. Plea by Inmate   ☐ Not Guilty   ☐ Guilty
19. Verdict   ☐ Not Guilty   ☐ Guilty
20. Date of Hearing: 7/12/00
21. Counsel Substitute (DOC#)

22. Motions:

23. Reasons for Disposition:
☐ Report is clear and precise   ☐ Lack of a credible defense/little or no defense   ☐ Based on his statement
☐ The officer's version is determined to be more credible than the inmate's   ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report   ☐ The inmate presented no evidence to refute the charges
☐ The investigating officer's testimony was deemed more truthful and accurate than the inmate's   ☐ Plea bargain.
☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense   ☐ The need to protect the institution, employees, or other
☐ Poor Conduct record: A total of _____ rule violations) A total of _____ Schedule B violations since _____
A total of _____ # _____ rule violations since _____
☐ Other

25. Sentence:   Suspended ☐ _____ Days   Imposed ☐

26. Sentence:   Suspended ☐ _____ Days   Imposed ☐

EXHIBIT 1

27. DISCIPLINARY BOARD:
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more

CHAIRMAN DISCIPLINARY OFFICER

On 4-12-06 Inmate Theodore Smith Doc# 13084

approached me and ask if I could get him a pair of football

Shoes. I brought the Shoes to my class on Thursday

7-13-06 and I ask Warden Benjamin if I could give

the Shoes to the inmate? I was told no and the

warden got the shoes.

Geo H. Watson Jr.

7-20-06

To: DB Office
From: Warden Berg

Attached is a statement from
Mr. Ossi Watson pertaining to
the incident involving Theodore
Smith. #130854.

This is for your information.

Berg

R 09/21/2001

## LOUISIANA STATE PENITENTIARY
# RECEIPT FOR DISCIPLINARY DOCUMENTATION

| Inmate Name: Theodore Smith | DOC # 313084 | Housing Assignment: Spruce 7 |
|---|---|---|

By my signature below, I hereby acknowledge receipt of the following:

☐      Disciplinary Report For Rule # _____

☐      Confidential Informant Sheets

☑      Investigation Report

_Walter West #486 915 Inmate Counsel for: Theodore Smith_
Signature of Inmate

WITNESS:

_Paul J. Wyer Maj._
Name & Title:

_7-24-06_
Date Issued:

RETURN RECEIPT TO THE DISCIPLINARY OFFICE.

Theodore Smith #313084
Main Prison Hickory 1
Louisiana State Prison
Angola, La. 70712

June 2, 2007 (Saturday)

Warden Burl Cain
New Administrative Complex
Louisiana State Prison
Angola, La. 70712

Re: Administrative Remedy Procedure (ARP)

Dear Warden Burl Cain:

   I File and request This <u>Emergency</u> Administrative
Remedy Procedure (ARP) against Warden Kevin Benjamin
and Major Darbonne; for the following reason(s) stated
To-wit;

   I filed an ARP against Warden Benjamin and a number
of People relative To being deprived of an equal opportunity
To Receive an education (which is a violation of my state
and united states constitutional right(s); as well as
Department Regulation No. B-08-010, Directive No. 01.016,
ACA Standard(s): 3-4265, 3-4238, 3-4239, 3-4249, and
3-4251; along with applicable Louisiana Revised Statutes.)
Said ARP is filed and identifiable as: Louisiana Department
of Public Safety And Corrections Corrections services
offenders Relief Request form case Number: LSP-2007-
1208.
   On the date of June 1, 2007, at the time of 9:18 Am,
I was instructed by Hickory Key Sgt. Mayen To report

Page 1 OF 5

Exhibit 2

To warden Benjamin's office (which is located in the East yard warden's office at the main Prison). Once I arrived at the East yard warden's office, I was told to enter warden Benjamin's office. Warden Benjamin told me to close the door and sit down, which I did. Warden Benjamin then started asking me: "you wrote me up, huh?! why did you write me up, huh?! I'm going to tell Ms. (Angela) Day to put you back into school then on the third day you're there I'm going to have compound (school) security write you up and I'm going to crush you! I will make sure you're sent to (camp) 'J'! I'm the warden! I have the Power to crush you and I will if you don't drop this ARP!" He continued speaking and threatened to "crush" me again if I don't drop the A.R.P.

I don't take his threats lightly. I'm sure he meant what he said and is determined to make good his threats; and he told me how by saying: "I know I can't get you myself. IF I do you'll claim I'm retaliating against you. People owe me Favors, Plus we look out for each other around here. I'll just get a woman to write you up on a 21 (rule infraction # 21 - sex offense), or have you set up with a knife or drugs, or just get you hooked-up for anything. You won't know how I'm coming until its too late. I can get you anywhere you go in this Prison! You can run, but you can't hide because no matter where you go you'll still be in this Prison."

Warden Benjamin threatened me to drop the A.R.P. pending against him and others. His threats are a form of harassment; and harassment is a form of retaliation. Retaliation is a violation of department regulation. Also, A Prison guard may not harass inmate in retaliation for inmate complaining to supervisor about guard's conduct, Gibbs v. King, 779 F.2d 1040. While warden Benjamin is the supervisor, the rule applies to/for him just the same. I'm sure warden Benjamin's threats are also a violation of general and/or specific civil service policy(s), rule(s

Page 2 of 5

and/or guideline(s) in some form and fashion; and I raise and rely upon any/all said civil service policy(s), rule(s) and/or guideline(s) as those which warden Benjamin has violated an move that the proper sanctions/punishment be invoked against warden Benjamin for said civil service violations.

In fact, warden Benjamin has already began retaliating against me through security. On the date of 5/31/07 I was told to meet with mental health personnel about working as a "tier walker", which is a job. I was given a sheet of paper whereon the duty(s) of a tier walker where listed, as well as signs of depression and suicide risk; person who may be at high risk for suicide; common misconceptions about suicide; and how to find out if someone is suicidal, are listed. In the "job as a tier walker" portion of the instruction paper it clearly states "you are not expected to be a clinician". However, all of the questions the paper instructs the tier walker to ask the possible suicidal inmate are some, if not all, of the same questions a clinician would ask the suicidal inmate to be sure; further on, the paper instructs the tier walker: "while you are not a therapist, don't be afraid to ask: 'do you sometimes feel so bad you think of suicide?'". The paper then further instructs to ask a series of questions, and informs you of a possible conclusion that may be reached, then states: "report this information to security immediately in order for mental health to be contacted." so, while it is clear that the tier walker is not "expected" to be a clinician and most certainly is not a therapist the tier walker is still instructed and expect to mentally evaluate a possibly suicidal inmate then "report" the information ("rat") to security. Before I go further, lets look at and consider the fallicies of the "tier walker" program: what if I was having a seizier while an inmate was committing suicide? what if I did not possess the common sense to determine whether or not the inmate was actually suicidal? what if the suicidal inmate was my enemy before arriving on the tier or while the inmate

Page 3 of 5

has since come onto the Tier? What if I report the suicidal inmate's suicide plan or attempt to security then later get physically attacked by a member of the suicidal inmate's family members and/or friends once I return to my living quarters or on the yard? Being a "Tier walker" is akin to being an "inmate guard". The "inmate guard" is a structural accommodation, in which the "inmate guard" furthers the formal goals of the institution without internalizing the law-abiding norms which justify this institution. He is the duckbill Platypus of socialized classification. He is a nomic. He has no strong cultural ties either to the free world or what you would normally think as his peer group in the inmates. He just forms a symbiotic social alliance with the prison to reduce the rigors of incarceration. No one is required to be a convict/inmate guard. The inmate must be willing. And because being a tier walker is akin to being an inmate guard, an inmate must be willing to be a tier walker. He cannot be forced.

After I was informed about the duties of a tier walker and read over the tier walker instruction paper I refused the tier walker job. On 6/1/07, while on my way to lunch - whic is after I spoke to warden Benjamin - major Darbonne stopped me at the west yard gate and asked me why I refused the tier walker job. I told him because I'm not an inmate guard, nor a psychologist. Major Darbonne responded by saying "you didn't want to drop that ARP for Benjamin either. That's alright. we'll get you. I won't forget." An additional threat with warden Benjamin linked into it.

## Relief Requested

That warden Benjamin's warden position be taken, he be demoted and/or fired and/or transfered to a different facility; and/or that major Darbonne receive the same

Page 4 of 5

since he is conspiring and/or working with warden
Benjamin To retaliate against me. And that the "Tier walker"
Program be discontinued. Its mental Health and securitys job. Its unsafe for inmate
    I File This A.R.P. in good Faith and in hopes that I
Not be retaliated against.
    I reserve The right to attach exhibits and/or cite additional
cases, at a later date.

Respectfully submitted

Theodore smith #313084
Main Prison Hickory 1
Louisiana state Prison
Angola, La. 70712

Page 5 of 5

Case 3:08-cv-00030-BAJ-DLD    Document 6-1    02/21/08    Page 19 of 38



Date: 6-5-07          Time: Out: 8:10

Name: Theodore Smith          DOC# 313084          Housing Assignment:

From: MPWX          To: East Yard Warden

Officer In Charge: Larry Hamilton

LT. Harris

Date: 6-1-07          Time: Out: 9:18 AM

Name: Theodore Smith          DOC# 313084          Housing Assignment: Hic-1

From: MPWY          To: Warden Benjamin Office

Officer In Charge: Sgt. Henard

Landry

EXHIBIT 3



LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **LSP**

| 1. Name of Inmate **Theodore Smith** | 2. Number **313084** | 3. Date of Incident **6-5-07** | 4. Time of Incident **Approx. 6:45 PM** |
|---|---|---|---|

| 5. Place of Incident **MPW Yard** | 6. Job Assignment (Inmate) **L-4** | 7. Housing Assignment (Inmate) **Hickory 1** |
|---|---|---|

| 8. Rule Violated **General Prohibited Behaviors** | 9. Rule Number **30-e** |
|---|---|

10. Description of Incident (Include all relevant information - "unusual inmate behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side, if necessary)

**Inmate Theodore Smith #313084 is being placed in Administrative Segregation pending An investigation into drug trafficking on the West yard.**

11. Inmate Placed in Adm. Seg.  ☑ Yes  ☐ No

| 12. Signature of Reporting Employee *Capt. M. Laborde* | 13. Name, Title, Assignment (Print) *Capt. M. Laborde MPW C-Team* |
|---|---|

| 14. Date of Report **6-5-07** | 15. Time of Report **7:15 PM** | 16. Report (copy) given to above inmate by: | 17. Inmate's Signature: *Refused to sign - Copy Given* |
|---|---|---|---|

| 18. Plea by Inmate: ☐ Not Guilty  ☐ Guilty | 19. Verdict: ☐ Not Guilty  ☐ Guilty |
|---|---|

| 20. Date of Hearing: | 21. Counsel Substitute: DOC# |
|---|---|

22. Motions: _____

23. Reasons for Disposition:

☐ Report is clear and precise.    ☐ Lack of a credible defense/little or no defense.    ☐ Based on his statement.

☐ The officer's version is determined to be more credible than the inmate's.    ☐ Pled guilty/accepted guilty plea.

☐ Only defense is denying contents of report.    ☐ The inmate presented no evidence to refute the charges.

☐ The Investigative officer's testimony was deemed more truthful and accurate than the inmate's.    ☐ Plea bargain.

☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue.

☐ Other _____

24. Reasons for Sentence:

☐ Seriousness of offense.    ☐ The need to protect the institution, employees, or other.

☐ Poor Conduct record. A total of _____ rule violation(s). A total of _____ Schedule B violations since _____ .

A total of _____ # _____ rule violations since _____

☐ Other _____

25. Sentence:    Suspended ☐ _____ Days    Imposed ☐

26. Sentence: *Exhibit 4*    Suspended ☐ _____ Days    Imposed ☐

27. DISCIPLINARY BOARD:

Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures

_____
CHAIRMAN (DISCIPLINARY OFFICER)

TO:        DB OFFICE

FROM:      LT. GABRIEL HEBERT
           MPW C-TEAM

DATE:      06/08/07

RE:        THEODORE SMITH 313084
           CBD U/L RULE 30 E


        IN REFERENCE TO THE ABOVE AND UPON FURTHER INVESTIGATION, IT WAS LEARNED THAT THE DRUGS FOUND ON INMATE SHADRICK REED 470172 ON 6/4/07, BY LT. HEBERT ON THE HICKORY YARD, WERE DRUGS SOLD TO HIM BY INMATE THEODORE SMITH 313084.   THIS IS FOR YOUR INFORMATION AND FURTHER HANDLING.

LT. GABRIEL HEBERT
MPW C-TEAM

RECEIVED
JUN 1 1 2007
DISCIPLINARY OFFICE
LA STATE PENITENTIARY

LPD-DP-3                                                                    REVISED 2/26/01

## SUPPLEMENT TO DISCIPLINARY REPORT BASED ON INFORMATION FROM CONFIDENTIAL INFORMANTS

RE: *Theodore Smith #313084*          DATE: *6-5-07*
___(Name & Number of ACCUSED INMATE)___          ___(Date shown on Disciplinary Report)___

**************************************************************************

The Following questions are to be answered regarding each Informant who supplied information regarding the above Name
Inmate.  A Form MUST be completed on Each Informant.  THE ACCUSED INMATE MUST BE GIVEN A COPY OF THIS
FORM.  If any of the Questions 4 thru 10 are considered Confidential, the Confidential Questions and Answers only should be
submitted on a Separate sheet of paper marked "CONFIDENTIAL".  The Inmate DOES NOT receive a copy of the
Confidential Answers.

**************************************************************************

1.    Has inmate given reliable information in the past? *yes*

2.    Has inmate ever given false information to the reporting officer about other inmates? *No*

3.    As completely as possible, give the facts provided by the inmate. *C.I. States that he over heard inmate Smith 313084 tell another inmate that he had Marijuana (weed) for sale.*

4.    How did he get his information? (Was he a participant, did he overhear a conversation, etc.) *He over heard this.*

5.    Where was the inmate physically located when he learned this information? (What dorm, area of
the prison, farmline, etc.) *Hickory yard*

6.    Where was the accused at the time? *Hickory yard*

7.    Day and time this occurred. *6-5-07 Approx 6:00Pm*

8.    Day it was reported to you. *6-5-07*

9.    Is there any other information regarding the informant which would assist the Disciplinary Board
in this case? *No*

10.    Are there any other facts or other information to corroborate the statements of the confidential
informant? (If this consists of the statements from other confidential informants, the above questions
should be answered as to each of them.) *Another C.I.*

PREPARED BY: *J.H. Hebert*
                              Employee Name, Title, & Assignment

LPD-DP-3                                                                REVISED 2/26/01

SUPPLEMENT TO DISCIPLINARY REPORT BASED ON INFORMATION FROM CONFIDENTIAL INFORMANTS

RE: *Theodore Smith  313084*                    DATE: *6-5-07*
      (Name & Number of ACCUSED INMATE)                    (Date shown on Disciplinary Report)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Following questions are to be answered regarding each Informant who supplied information regarding the above Name Inmate. A Form MUST be completed on Each Informant. THE ACCUSED INMATE MUST BE GIVEN A COPY OF THIS FORM. If any of the Questions 4 thru 10 are considered Confidential, the Confidential Questions and Answers only should be submitted on a Separate sheet of paper marked "CONFIDENTIAL". The Inmate DOES NOT receive a copy of the Confidential Answers.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  Has inmate given reliable information in the past? *Yes*

2.  Has inmate ever given false information to the reporting officer about other inmates? *No*

3.  As completely as possible, give the facts provided by the inmate. *The C.I. states that he was on the Hickory Yard when he observed inmate Theodore Smith 313084 sell drugs (marijuana) to I/m S. Reed.*

4.  How did he get his information? (Was he a participant, did he overhear a conversation, etc.) *He observed this incident take place*

5.  Where was the inmate physically located when he learned this information? (What dorm, area of the prison, farmline, etc.) *Hickory 3 Yard*

6.  Where was the accused at the time? *Hickory 3 Yard*

7.  Day and time this occurred. *6-5-07  Approx 6:15PM*

8.  Day it was reported to you. *6-5-07*

9.  Is there any other information regarding the informant which would assist the Disciplinary Board in this case? *Not At this time*

10. Are there any other facts or other information to corroborate the statements of the confidential informant? (If this consists of the statements from other confidential informants, the above questions should be answered as to each of them.) *Another C.I.*

PREPARED BY: *H Syebert*
                          Employee Name, Title, & Assignment

Theodore Smith #313084
Main Prison CBD w/L #6
Louisiana State Prison
Angola, La. 70712

June , 2007
Main Prison CBD Disciplinary Board
Louisiana State Prison
Angola, La. 70712
To: Head of the Main Prison CBD Disciplinary Board

<u>Motion/ Petition</u>

I, Theodore Smith, Doc Number 313084, hereby summons the accusing employee of the 30 E disciplinary rule infraction which I was written up for. I support said summons with rule one of section Five of the Louisiana Department of Public Safety and corrections Disciplinary rules and Procedures for Adult Inmates Hand book (December 2000), wherein it states in Pertinent Part: "The accusing employee <u>must</u> be summoned when the report is based <u>solely</u> on information from confidential informants." I Further support said summons under the authority of a Louisiana court of Appeals, First circuit case cited as, Volume 878 of the southern Reporter second Edition (So. 2d hereinafter) Page 555 - or 878 So.2d 555. Said 30 E rule infraction against me is based solely on information from two confidential informants, as the record reflects.

I also have the right to Present evidence, and witnesses in my behalf, and to cross-examine the accuser, Provided such requests are relevant, not repetitious, not unduly burdensome to the institution, or is not unduly hazardous to staff or inmate safety; according to the inmate handbook dated 2000, as mentioned above. Therefore, I exercise my right to call inmate shadrick Reed, Doc # 470172 as a witness. His testimony is relevant because, according to two confidential informant sheets and an investigation report - both being endorsed by security lieutenant Gabriel Hebert of MPWC-Team- I sold inmate Reed marijuana, thus the reason I was written up for 30-E. His testimony is necessary to corroborate the confidential informants (CI's) information. To call inmate Reed is not repetitious, is not unduly burdensome to the institution because he is in the building we are Presently in, or is not unduly hazardous to staff or inmate safety because he will be restrained by handcuffs as institutional Policy dictates. In State V. Jarreau, 692 So 2d 33 (La. App. 1 cir 1997) The court recognized the accused constitutional right to adduce relevant, material evidence to make out his defense. See also Davis V. Alaska, 415 u.s. 308; Chambers V. Mississippi, 410 u.s. 284; State V. Germillion, 542 So 2d 1074 (La. 1989). I also motion to take a urine and/or blood test for drug and a lie detector test to show that I did not sell drugs to inmate Reed at any time.

I Theodore Smith, Prays that this Disciplinary Board will grant me my rights, thus granting this motion/Petition.

Respectfully submitted

Theodore Smith

Exhibit Five

Theodore Smith # 313084
Main Prison CBD u/L #6
Louisiana State Prison
Angola, La. 70712

June    , 2007

Main Prison CBD Disciplinary Board
Louisiana State Prison
Angola, La. 70712

To: Head of Main Prison CBD Disciplinary Board

## Motion To Dismiss

I File This Motion To Dismiss For The Reason(s) Stated To - Wit:

On The date of June 5, 2007, I was written up for allegedly Violating Rule 30 E of The Louisiana Department of Public Safety and Corrections Disciplinary rules and Procedures for Adult Inmates Handbook (Doc rule book hereinafter) December (2000). On The date of June 7, 2007 said matter was placed under investigation by Disciplinary Board (DB hereinafter) head, Major C. Darbonne. Major Darbonne assigned Lieutenant (LT.) Gabriel Hebert To investigate. On The date of June 12, 2007 The DB informed me that LT. Hebert's investigation report was filed into the record (said report is signed by LT. Hebert and dated June 8, 2007). LT. Hebert's report states, in Pertinent Part: "IT was learned that The drugs found on Inmate Shadrick Reed 470172 on 6/1/07, by LT. Hebert on The Hickory yard were sold To him by inmate Theodore Smith 313084." The matter was Placed under Further investigation To learn how LT. Hebert came about This information. On The date of June 18, 2007 The DB Provided me with a copy of LT. Hebert investigation report as well as Two forms Titled "supplement To Disciplinary Report Based on Information From confidential informants (CI) dated 6-5-07 and signed by LT. Hebert. IT is note worthy To mention said CI sheets were not stamped "Received" by the disciplinary office until June 15, 2007 - Ten (10) days after The fact. said CI sheets both basically state that The CI's over heard inmate Smith say he had marijuana and That Inmate Smith sold inmate "S. Reed" marijuana, on the date of 6-5-07, between approximately 6:00 PM and 6:15 PM. The original disciplinary report states the incident occure approx 6:45 PM on 6-5-07.

I move That The 30E rule inffaction be dismissed because there is no Evidence To support The allegation. Furthermore, it would be impossible for inmate Smith To sell drugs To inmate Reed on Hickory 3 yard between 6:00 PM and 6:45 PM on June 5, 2007 because inmate Reed 470172 was in the dungeon on 6-5-07 and had been so since the date of June 4, 2007, as S. Reed's record reflects, and log books

I Pray The DB grants My Motion To dismiss For The reason(s) above.

Respectfully submit

West Feliciana Parish
Louisiana State Penitentiary
State of Louisiana

# AFFIDAVIT

On the date of June 4, 2007, I, Shadrick Reed # 470172 was Placed in handcuffs by Lieutenant Gabriel Hebert on Hickory 3 yard at approximately 6:00 Pm on June 4, 2007, written up, on a standard disciplinary report used by this institution, and brought to main Prison cell block "D" and Placed in administrative segration on June 4, 2007 for being in Possession of contraband - marisuana and $50.00 cash

I Shadrick Reed # 470172 do hereby solemnly swear that I did not buy, nor was I given marisuana by/from inmate Theodore Smith at any time, and/or on any date before, on, or after June 4, 2007.

I Shadrick Reed # 470172 do hereby swear, under penalty of Perjury That this Affidavit and the contents herein is True and correct,

I the Affiant, Shadrick Reed # 470172 do hereby sign and swear to this Affidavit this 18th day of June, 2007

_Shadrick Reed_
AFFIANT
Shadrick Reed # 47172

# ARP Information Request Form

Date: 6-4-07 _____ Due: ASAP _____

To: Wdn. Benjamin, Angela Day, Gus Watson _____

Re:  ARP # 07-1208 _____ Inmate Name & Number: Theodore Smith # 313084

Please Provide noted items:

Please provide statement regarding this ARP to Assistant Warden Benjamin's office no later than the above due date. Also, provide copies of any document referred to in your statement, such as logbooks, UOR's, disciplinary reports, etc.

_Please Get Dropped!_

# Louisiana State Penitentiary

**Kathleen Babineaux Blanco**
Governor

**Burl Cain C.C.E.**
Warden

Richard L. Stalder
Secretary

June 11, 2007

To: Kevin Benjamin, AWI East Yard

From: Angela Day

Re: ARP 07-1208

In ARP 07-1208 Inmate Theodore Smith 313084 alleges he is being denied an education.

Education records indicated inmate Theodore Smith completed a voluntary drop form on April 10, 2006 (copy attached). A request was made to classification to have him removed from Horticulture class. He was removed on April 21, 2006. He was readmitted to Horticulture class on May 4, 2006. Inmate Smith was removed from Horticulture class on August 7, 2006 because of a disciplinary infraction (DB report attached).

Inmate Smith also alleges that I have stated that I do not like him, and refuse to allow him back in Horticulture class. I deny these accusations. I did inform Inmate Smith that he would not be allowed to reenroll in Horticulture due to the circumstances surrounding his dismissal; however, I did inform him that he could attend any other class at the vocational school. He completed an application for Welding on March 29, 2007. He was put on the backlog for Welding on April 3, 2007. He will remain on the backlog until a position becomes available.

Thank you,

Angela Day
Principal

xc: file

*ARD*

*This Arp was re-Routed to Wdn. Peabody.*

# Louisiana State Penitentiary
## Educational Volunteer Drop Form

RE: Inmate's Name: _Smith_  _Theodore_

(Last Name)    (First Name)

Inmate's DOC #: _313 084_

Social Security #: _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_

I am voluntarily requesting to be removed from _Horticulture_ class.
I no longer wish to attend the above class. I voluntarily make this request of my own free
will without coercion.

_Inmate's Signature_

_Witness_

_313 084_

Inmates DOC #

_4-10-06_

Date

Sent in request

4/11/06

```
DATE: 06/11/07              DPS&C CORRECTIONS SERVICES                    EDINQ
TIME: 14:58        CAJUN II - EDUCATION RECORD INQUIRY    SCREEN  1 OF  1

DOC NUMBER:   00313084    NAME:    SMITH,THEODORE S
PHYS LOC:    LA STATE PEN             DORM:   CBD      JOB ASSIGN:   MAIN PRISON
FTD DATE:    LIFE         GT DATE:   NONE       PAROLE ELG DATE:    NOTELG

 .CLASS  .CLASS              .PRG.      .START     .END       .E.ED.SEQ.W.T.
 .CODE   .LITERAL            .TYP.LOC  .DATE      .DATE       .R.RS.NUM.E.U.
 .======.==================.===.====.========.========.=.==.===.=.=.
_  TABE     TEST SCORES ONLY         6400 11292005                       001
_  HORT01 HORTICULTURE CLASS   CVO 6400 01312006 04212006 D 04  002
_  TABE     TEST SCORES ONLY    CVO 6400 01312006 04212006 D 04  003
_  HORT01 HORTICULTURE CLASS   CVO 6400 05042006 08072006 D 03  004
_  TABE     TEST SCORES ONLY    CVO 6400 05042006 08072006 D 03  005
_  WELD01 WELDING CLASS 1      CVO 6400 04032007             006 X
_  TABE     TEST SCORES ONLY    CVO 6400 04032007             007
   TAB TO THE APPROPRIATE LINE AND XMIT TO VIEW THE DETAIL EDUCATION RECORD
      F3=ROLL FORWARDS          F4=ROLL BACKWARDS         F5=INITIAL SCREEN
```

### ✒LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
### DISCIPLINARY REPORT
### INSTITUTION: LSP
### EVACUEE:
Created on 07/25/2006 at 09:16 AM

| 1. Name of Inmate (First Name) (Last Name)<br>THEODORE SMITH | | 2. Number<br>313084 | 3. Date of Incident<br>07/17/2006 | 4. Time of Incident        •<br>Approx. 07:20 AM |
|---|---|---|---|---|
| 5. Place of Incident<br>MP - EDUCATION : | | 6. Job Assignment (Inmate)<br>HORT 01 | | 7. Housing Assignment (Inmate)<br>CBB U/R 0 |
| 8. Rule Violated<br>GEN PROHIBITED BEHAVIOR - BRIBING, , , , | | | 9. Rule Number<br>30H, , , , | |

**10. Description of Incident (Include all relevant information):**

| 11. Inmate Placed in Adm/Seg. | ● Yes | |
|---|---|---|
| | ○ No | |

| 12. Signature of reporting employee | 13. Name, Title, Assignment<br>Leonard, Timmy, MP EAST, 12 HOURS |
|---|---|

| 14. Date of Report<br>07/17/2006 | 15. Time of Report<br>07:45 AM | 16. Report (copy) given to above<br>inmate by: | 17. Inmate's Signature: |
|---|---|---|---|

| 18. Plea by Inmate:<br>○ Not Guilty ● Guilty | 19. Rule / Verdict<br>30H / Guilty |
|---|---|

| 20. Date of Hearing:<br>07/26/2006 | | 21. Counsel Substitute (Name &<br>DOC Number)<br>Lawrence Kelly #343052 | 22. Motions<br>○ No<br>○ Yes (See Motions Form)<br>Reason |
|---|---|---|---|

**23. Reasons for Disposition:**

| | |
|---|---|
| ☒ Report is Clear and Precise | ☒ Lack of credible defense/Little or no defense |
| ☐ Officer\'s version is determined to be more credible than inmate's | ☒ Pled guilty/Accepted guilty plea |
| ☐ Only defense is denying the contents of report | ☐ Inmate presented no evidence to refute the charges |
| ☐ The investigative officer\'s testimony was deemed more truthful and accurate that the inmate's | ☒ Plea bargain |
| ☐ Inmate's demeanor led the board to believe the inmate's testimony was untrue | |
| ☐ Other | |

**24. Reasons for Sentence**

| | |
|---|---|
| ☒ Seriousness of Offense | ☒ The need to protect the institution employees or other |
| ☐ Poor conduct record | |
| ☐ Other | |

**25. Sentence**

| | |
|---|---|
| | Imp. Quarters - WAL/HIC MED F/L; |

**27. DISCIPLINARY BOARD:**

| Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates. | Chairman (Disciplinary Officer)  MYERS, PAUL |
|---|---|
| | Member  Ladmirault, Reginald |

## ✎LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
### DISCIPLINARY REPORT
### INSTITUTION: LSP
### EVACUEE:
Created on 09/12/2006 at 08:33 AM

| 1. Name of Inmate (First Name) (Last Name)<br>THEODORE SMITH | | 2. Number<br>313084 | 3. Date of Incident   •<br>09/12/2006 | 4. Time of Incident<br>Approx. 02:40 AM |
|---|---|---|---|---|
| 5. Place of Incident<br>MP - WALNUT 4 : | 6. Job Assignment (Inmate)<br>L 7 | | 7. Housing Assignment (Inmate)<br>WAL 4 | |
| 8. Rule Violated<br>WORK OFFENSES, , , , | | | 9. Rule Number<br>27, , , , | |

**10. Description of Incident (Include all relevant information):**

| 11. Inmate Placed in Adm/Seg.      ○ Yes<br>● No |
|---|

| 12. Signature of reporting employee | 13. Name, Title, Assignment<br>Henry, Charles, MP WEST, 12 HOURS |
|---|---|

| 14. Date of Report<br>09/12/2006 | 15. Time of Report<br>03:50 AM | 16. Report (copy) given to above inmate by: | 17. Inmate's Signature:<br>Refused to Sign |
|---|---|---|---|

| 18. Plea by Inmate:<br>● Not Guilty ○ Guilty | 19. Rule / Verdict<br>27 / Guilty |
|---|---|

| 20. Date of Hearing:<br>09/13/2006 | 21. Counsel Substitute (Name & DOC Number) | 22. Motions<br>○ No<br>○ Yes (See Motions Form)<br>Reason |
|---|---|---|

**23. Reasons for Disposition:**

☒ Report is Clear and Precise

☐ Officer\'s version is determined to be more credible than inmate's

☐ Only defense is denying the contents of report

☐ The investigative officer\'s testimony was deemed more truthful and accurate that the inmate's

☐ Inmate's demeanor led the board to believe the inmate's testimony was untrue

☐ Other

☐ Lack of credible defense/Little or no defense

☐ Pled guilty/Accepted guilty plea

☐ Inmate presented no evidence to refute the charges

☐ Plea bargain

**24. Reasons for Sentence**

☒ Seriousness of Offense

☐ Poor conduct record

☐ Other

☐ The need to protect the institution employees or other

**25. Sentence**

| Imp. Loss of Canteen for 1 Wks | |
|---|---|

**27. DISCIPLINARY BOARD:**

Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates.

Chairman (Disciplinary Officer)  FRANKLIN, CARL

Member

# WRITTEN REQUEST TO LSP EDUCATION DEPARTMENT

## APPLICATION FOR ENTRY INTO SCHOOL

TODAY'S DATE: 3/29/07

LAST NAME: Smith          FIRST NAME: Theodore

DOC#: 313084   DORM: Hickory   SSN#: 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

JOB ASSIGNMENT: Special squad          PAROLE DATE: N/A
                                                 (month – day – year)

GOOD TIME DATE: N/A          FULL TERM DATE: Life
              (month – day – year)                (month – day – year)

HAVE YOU EVER BEEN TESTED HERE AT LSP BY THE EDUCATION DEPARTMENT? yes
   IF YOU HAVE BEEN TESTED, LIST DATE. 0

HAVE YOU EVER ATTENDED SCHOOL HERE AT LSP? yes

IF YES, WHICH AREA OF SCHOOL DID YOU ATTEND? Horticulture

DO YOU HAVE A *HIGH SCHOOL DIPLOMA* OR A *GED* ? GED

IF NO HS DIPLOMA OR GED, WHAT WAS THE LAST GRADE YOU COMPLETED? _____

WHICH AREA OF EDUCATION ARE YOU APPLYING TO? (Circle only one choice listed below)
(*NOTE:* If you **DO NOT** have a high school diploma or a GED, your **ONLY** choice is the *Academic School* program.)

1. LITERACY

2. ADULT BASIC EDUCATION

3. GED

4. FAITH BASED 2YR

5. FAITH BASED 4YR

6. HORTICULTURE

7. CULINARY ARTS

8. AUTOMOTIVE

9. PREP

10. ACADEMIC TUTOR

11. CARPENTRY

12. WELDING

13. GRAPHIC COMMUNICATIONS

*PLEASE BE REMINDED THAT ONCE THIS FORM IS RECEIVED IN THE EDUCATION DEPARTMENT, YOU WILL BE PLACED ON A WAITING LIST TO BE TESTED (Unless you have already been tested before). AFTER THIS SERIES OF TEST, YOU WILL THEN BE PLACED ON THE WAITING LIST FOR THE AREA OF EDUCATION YOU PREFER. IF YOU HAVE A HIGH SCHOOL DIPLOMA OR GED, PLEASE ATTACH A COPY. PLEASE BE PATIENT AS THIS IS A LENGHTY PROCESS. NO OTHER CORRESPONDENCE IS NECESSARY!*

FROM: Theodore Smith

DOC#: 313084 DORM: Hickory

EDUCATION DEPARTMENT

APR 0 3 REC'D

RECEIVED

SEND VIA FARM MAIL TO:     **ANGELA DAY**
                            **EDUCATION DEPARTMENT**
                            **OUT CAMP WARDEN'S BUILDING**

## Louisiana State Penitentiary
Angola, Louisiana

### ARP STATEMENT

ARP NUMBER:    07-1208                    DATE:    6-5-07

Inmate's Name and Number:    THEODORE SMITH    #313084

REGARDING THE ABOVE REFERENCED ARP IN WHICH I WAS MENTIONED THE FOLLOWING APPLIES: AT NO TIME DID I EVER CURSE OR TREAT INMATE SMITH IN AN UNPROFESSIONAL MANNER. I DO NOT MAKE THE DECISIONS ON WHO ULTIMATELY IS ENROLLED IN SCHOOL AND WHEN THEY START CLASSES. INMATES MAKE REQUESTS TO BE PLACED IN SCHOOL THROUGH THE EDUCATION DEPARTMENT WHO MAINTAIN PROCEDURES AND BACKLOG LISTS FOR INMATES WHO HAVE REQUESTED SCHOOL. THEY ARE PROCESSED ACCORDINGLY. HORTICULTURE SCHOOL IS CLOSED RIGHT NOW SO INMATE SMITH'S COMPLAINT REGARDING THAT PARTICULAR SCHOOL IS MOOT. MANY INMATES WAIT A SUBSTANTIAL AMOUNT OF TIME TO BE PLACED IN SCHOOL WHICH IS DEPENDENT UPON VARYING FACTORS SUCH AS CLASS SIZE, AVAILABILITY AND THE NUMBER OF INMATES APPLYING TO A PARTICULAR VOCATION. AT THE TIME INMATE SMITH WROTE HIS ARP, 4-9-07, IT HAD ONLY BEEN TWO MONTHS SINCE HIS INITIAL APPLICATION WHICH HE STATES IN HIS ARP AS JANUARY 30TH, 2007. AT NO TIME DID I TELL INMATE SMITH OR ANYONE ELSE THAT I DID NOT LIKE HIM IN AN EFFORT TO PREVENT HIM FROM BEING PLACED IN CLASS. WE ARE KNOWN FOR EDUCATION ON THE EAST YARD AND I FULLY PROMOTE THAT PHILOSOPHY. THIS IS FOR YOUR INFORMATION AND FURTHER HANDLING.

SIGNATURE OF OFFICER

WARDEN KEVIN BENJAMIN
PRINT YOUR NAME

6-05-2007
DATE

2007-1708

Theodore Smith #313084
Main Prison Hickory 1
Louisiana State Prison
Angola, La. 70712

0700
Wd. Barn

RECEIVED
APR 2 4 2007

April 9, 2007

Warden Burl Cain
New Administration Building
Louisiana State Prison
Angola, La. 70712

R E C E I V E D

MAY 0 2 2007

Legal Programs Department

Re: Administrative Remedy Procedure

ACCEPTED

MAY 2 5 2007

ADMINISTRATIVE REMEDY PROCEDURE
LOUISIANA STATE PENITENTIARY

Warden Burl Cain:

This is a request for an Emergency Administrative Remedy Procedure (ARP) against: East yard warden Kevin Benjamin; Louisiana State Penitentiary (LSP) Education Dept. Principal Angela Day; Horticulture instructor Gus Watson; and Louisiana Technical college (LTC) LSP campus (compound) security for the following reason(s) stated to-wit:

I have been trying to get into Vocational school at the LTC LSP campus to study horticulture since January 30, 2007 and I have been told that I will never be placed into Vocational school or any other educational program the prison offers as long as they have anything to do with it.

I have asked LSP Education Dept. Principal Angela Day to allow me to finish studying horticulture, or allow me to learn some other trade. To paraphrase her response; she stated that she doesn't like me horticulture instructor Gus Watson doesn't like me, warden Benjamin doesn't like me and for those reasons she will not put me in

Page 1 of 4

Vocational school. I told her that she cannot deprive me of an education because of her and others negative feelings toward and about me as a person. She then told me that its not only what she and others think and feel about me as a person that is keeping me from going to vocational school. She stated that even if she wanted to place me in school she wouldn't be able to because warden Kevin Benjamin gave her orders not to place me into school. She then told me the only way she would even consider putting me in school is if warden Kevin Benjamin gave her an order directing her to place me back in school. Otherwise, if she had anything to do with it I will never be placed in any educational or vocational program in this prison. She told me I can fill an application out and she will put me on a back-log list but I'll never be put in school.

Because of what ms. Day told me I went to speak to warden Benjamin. I asked warden Benjamin to instruct ms. Day to put me in vocational school. He said that he will not do that because he doesn't want me in school. I asked him why he didn't want me in school. He said he doesn't owe me an explanation, but just so I'll know; its because mr. Watson doesn't like me, compound security doesn't like me and barred me from ever returning to the compound, ms. Day doesn't like me and he (warden Benjamin) doesn't like me and just doesn't want me in school. I then asked warden Benjamin "well, what about my education?" He answered "I don't give a fuck about you or your education. Sooner or later you will realize that I am God over the East yard and compound and that I make the calls. No one else." He then told me to leave. I asked him three more times, on different visits to speak to him, to instruct ms. Day to put me into vocational school and each time warden Benjamin told me "no" after cussing at me. In addition to that, on my last visit to speak to him, he told me if I ask him or bug him about putting me in school ever again he'll lock me up. He also said as long as he's warden over the East yard and compound and has anything to do with me getting into school I will never go to school.

According to ms. Day and warden Benjamin, horticulture instructor Gus Watson doesn't like me. It is mr. Watson's job to teach me whether he personally likes me or not.

Page 2 of 4

Warden Benjamin's personal dislike of me and/or m/s. Day's personal dislike of me and/or m/r. Watson's personal dislike of me and/or compound security's personal dislike of me does not serve as an adequate reason to deprive me of an education. All of these individuals and compound security's actions of applying a selective education process are prejudicial and discriminatory in nature.

Furthermore, their actions serve as an obstruction to the interest of the Louisiana Department of Corrections (Doc), as well as other concerned parties' initiatives, goals and objectives. Doc and other concerned parties is pursuing a number of rehabilitative initiatives. Funding for these initiatives are awarded thru a competitive proposal process. Doc submitted their own proposal with many educational, union and employer partners. Louisiana (la.) cure worked as a partner in the initiative; working with charles Tate from the governor's office, the carpenters union, L.T.C., Doc and cafe' Reconcile among other organizations. Assistant secretary of Doc whalen Gibbs and La. cure worked tirelessly to make sure that the incarcerated and community - supervised population was represented in many other proposals submitted for consideration, also. Members in/of the corrections subcommittee have been quoted saying "we are moving ahead with a plan of smart incarceration rather than wholesale incarceration for mere monetary profit.

If the system is as it was a year or two ago then each student who attends the horticulture class brings in roughly $90.00 a class, which in turn roughly equates to $2,700.00 in grant/fund money; provided that the student completes the course. But as the corrections subcommittee has stated and what La. cure, m/r charles Tate, m/r whalen Gibbs and so many other individuals and organizations have worked so tirelessly to establish and achieve, their goal is "smart incarceration". Not "wholesale incarceration for mere monetary profit."

These peoples time and efforts were not spent working for "smart incarceration" for every inmate in La. Doc except for inmate theodore smith #313084. Their time and efforts were spent working for "smart incarceration" for EVERY inmate in La. Doc INCLUDING me (theodore smith #313084).

Page 3 of 4

LSP Education Dept. Principal Angela Day's, compound security's, horticulture instructor Gus watson's and warden Kevin Benjamin's actions depriving me of an education is akin to spitting in the faces of La.cure, mr. charles tate, mr. whalen Gibbs and every other individual and organization who have worked tirelessly to promote and achieve "smart incarceration".

Furthermore; compound security's, mr. watson's, warden Benjamin's and Principal Day's Presudicial and discriminatory actions depriving me of an education is a direct encroachment on and violation of my state and/or united states constitutional right(s) to an education and/or is in violation of the mandates of the law(s) enunciated in the Louisiana Revised statutes,

## Relief Requested

That I be placed into Vocational school to study horticulture or carpentry immediately, without further delay. or, in the alternative, that I be permitted to take a correspondence course of my choice; and that warden Kevin Benjamin, LSP Education Dept. Principal Angela Day, Mr. Gus watson and compound security pay for the correspondence course of my choice, in full. I am determined to receive an education.

I seek this ARP in good faith and ask that I not be retaliated against in any form or fashion by any Doc employee and/or any other persons.

Please consider this ARP as and to be a legal document which may be used, in whole or in part, in any/all future litigation in any court of law. And in the event that this case is presented in a court of law, I move for the above mentioned Parties, who this ARP is against, to be responsible for paying for all court costs, filing fees, attorney fees and all other costs which may attach. And I ask that warden Benjamin be transfered and demoted. And appropriate disciplinary taken against the others.

Respectfully submitted by

Theodore smith # 313084

Page 4 of 4