UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)

VERSUS                                                              CIVIL ACTION

LT. GABRIEL HEBERT, ET AL                              NUMBER 08-30-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 14, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


THEODORE SMITH  (#313084)

VERSUS

LT. GABRIEL HEBERT, ET AL

CIVIL ACTION

NUMBER 08-30-RET-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 13. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Gabriel Hebert, Warden Kevin Benjamin, Capt. M. Laborde, Maj. C. Darbonne, Lt. Col. Louis Stroud, Rachel Taylor, Capt. Bo Whitaker, Lt. Chad Hukin, Lt. Todd Barrere, Lt. David Voorhies Jr., Warden Burl Cain, and former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder. Plaintiff amended the complaint to add defendants Lt. Col. Harold Sterling, Maj. Tillman, Capt. Stammriech, Angela R. Day, Capt. Whitaker and Timothy Leonard.[2]

---

[1] Record document number 20.

[2] See record document numbers 15, 16, 17 and 19.
A review of the record showed that the newly named defendants have not been served with the amended complaint. Plaintiff is placed on notice that it is his responsibility to provide the United States Marshal with the completed USM-285 form in order for the
(continued...)

Plaintiff alleged that he was denied participation in the prison vocational school, he was issued several false disciplinary reports in retaliation for filing an administrative grievance, and he was beaten without provocation in violation of his constitutional rights. Plaintiff amended the complaint to allege that his property was destroyed in retaliation for filing an administrative grievance and he was subjected to unconstitutional conditions of confinement.

Defendants Todd Barrere, David Voorhies Jr., Burl Cain, Richard Stalder, Kevin Benjamin, M. Laborde, C. Darbonne, Louis Stroud, Rachael Taylor and Chad Hukin moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is

---

²(...continued)
defendants to served with the amended complaint. Failure to comply with this requirement may result in the dismissal of the plaintiff's claims against these defendants. See generally, Rule 4, Fed.R.Civ.P.

and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[3]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Defendants argued that the complaint should be dismissed pursuant to Rule 12(b) because the plaintiff failed to correctly identify in the complaint the administrative grievance he exhausted regarding each claim raised in the complaint.

The failure to exhaust available administrative remedies is an affirmative defense

---

[3] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

under the Prison Litigation Reform Act, and prisoners are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 920-21 (2007).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be denied.

Baton Rouge, Louisiana, May ___14___, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE