UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH  (#313084)

VERSUS                                          CIVIL ACTION

LT. GABRIEL HEBERT, ET AL                       NUMBER 08-30-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, *August 13th* , 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH  (#313084)

VERSUS                                                    CIVIL ACTION

LT. GABRIEL HEBERT, ET AL                               NUMBER 08-30-RET-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies.   Record document number 41.   The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Gabriel Hebert, Warden Kevin Benjamin, Capt. Michael Laborde, Maj. Chad Darbonne, Lt. Col. Louis Stroud, Rachel Taylor, Capt. B. (Boris) Whitaker, Lt. Chad Hukin, Lt. Todd Barrere, Lt. David Voorhies Jr., Warden Burl Cain, and former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder.  Plaintiff amended the complaint to add defendants Lt. Col. Harold Sterling, Maj. James Tillman, Capt. Irving Stammriech, Angela R. Day, and Maj. Timothy Leonard.[2] Plaintiff alleged that he was denied participation in the prison vocational school, he was  issued several false disciplinary reports in retaliation for filing administrative

---

[1]  Record document number 47.

[2]  See record document numbers 15, 16, 17 and 19.

grievances, and he was beaten without provocation in violation of his constitutional rights. Plaintiff amended the complaint to allege that his property was destroyed in retaliation for filing administrative grievances and he was subjected to unconstitutional conditions of confinement.

Defendants[3] moved for partial summary judgment relying on  a statement of undisputed facts, the affidavit of Rhonda Z. Weldon and the results of Administrative Remedy Procedure ("ARP") numbers LSP-2007-1208, LSP-2007-1695 and LSP-2007-2854, true copies of which were previously filed in the record and are incorporated herein.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his claim that he was subjected to an excessive use of force and that the alleged excessive use of force was applied in retaliation for filing administrative grievances.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

(a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner

---

[3] B. (Boris) Whitaker was not served with the summons and complaint and did not participate in the defendants' Motion for Partial Summary Judgment.

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, ___ U.S. ___ , 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, _____ U.S. ____, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged that on July 6, 2007, he was issued a disciplinary report by Rachel Taylor and was ordered to pack his belongings because he was being placed in administrative lockdown. Plaintiff alleged that he was ordered to report to the major's office. Plaintiff alleged that he was questioned by Capt. Whitaker and Lt. Hukin regarding the letter

3

he gave to Taylor and about an administrative grievance he filed against Warden Benjamin. Plaintiff alleged that Lt. Hukin spit at him and slapped him across the face.  Plaintiff alleged that Capt. Whitaker spit on him and punched him on the head.  Plaintiff alleged that Capt. Whitaker and Lt. Hukin kicked, kneed, punched and slapped him.  Plaintiff alleged that Capt. Whitaker and Lt. Hukin escorted him to Hawk 1-2 building and placed him in a visitation room.  Plaintiff alleged that Capt. Whitaker and Lt. Hukin beat him again and then ordered him to keel facing the wall.  Plaintiff alleged that Capt. Whitaker urinated on him. Plaintiff alleged that he was subjected to an excessive use of force and that the force was applied in retaliation for filing an administrative grievance against Warden Benjamin.

In his complaint, the plaintiff identified ARPs LSP-2007-1208, LSP-2007-1695 and LSP-2007-2854 as the administrative grievances in which he exhausted available administrative remedies regarding the claims raised in the complaint.[4]

The summary judgment evidence showed that in ARP LSP-2007-1208 the plaintiff complained that he was denied admission to the vocational school by Day and Warden Benjamin.  The summary judgment evidence showed that in ARP-LSP-2007-1695 the plaintiff complained that Warden Benjamin and Maj. Darbonne threatened to take disciplinary action against him if he did not dismiss ARP LSP-2007-1208.  The summary judgment evidence showed that in ARP-LSP-2007-2854 the plaintiff complained that he was issued a false disciplinary report on charges of drug trafficking in retaliation for filing and refusing to dismiss the administrative grievance against Warden Benjamin.

The summary judgment evidence showed that the plaintiff failed to exhaust available

---

[4] Complaint, p. 3.

4

administrative remedies regarding his claims that he was subjected to an excessive use of force and that excessive force was applied in retaliation for filing an administrative grievance against Benjamin.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted, dismissing the plaintiff's claims that he was subjected to an excessive use of force and that excessive force was applied in retaliation for filing an administrative grievance, for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma pauperis status[5] . It is further recommended that this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, _August 13th_ , 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

---

[5] *Underwood v. Wilson*, 151 F.3d at 296.