UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



THEODORE SMITH  (#313084)

VERSUS

LT. GABRIEL HEBERT, ET AL

CIVIL ACTION

NUMBER 08-30-RET-DLD

RULING

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Gabriel Hebert, Warden Kevin Benjamin, Capt. Michael Laborde, Maj. Chad Darbonne, Lt. Col. Louis Stroud, Rachel Taylor, Capt. B. (Boris) Whitaker, Lt. Chad Hukin, Lt. Todd Barrere, Lt. David Voorhies Jr., Warden Burl Cain, and former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder.  Plaintiff amended the complaint to add defendants Lt. Col. Harold Sterling, Maj. James Tillman, Capt. Irving Stammriech, Angela R. Day, and Maj. Timothy Leonard. Plaintiff alleged that he was denied participation in the prison vocational school, was  issued false disciplinary reports in retaliation for filing administrative grievances, and was beaten without provocation in violation of his constitutional rights. Plaintiff amended the complaint to allege that his property was destroyed in retaliation for filing administrative grievances and he was subjected to unconstitutional conditions of confinement.

Plaintiff also filed a motion for a temporary restraining order seeking an order directing prison officials to immediately release him from punitive segregation, transfer him to the Main Prison, place him in the vocational school and assign him to a job in the law library. Record document number 60.

In order to determine whether to issue a preliminary injunction the court must consider four factors:[1]

1.  the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2.  the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3.  the probability that the plaintiff will succeed on the merits; and

4.  the public interest.

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Additionally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a temporary restraining order of the sort

---

[1] Wright and Miller, <u>Federal Practice and Procedure: Civil</u>, § 2948, et seq.

the plaintiff seeks. Therefore, his request for a temporary restraining order is denied.

Baton Rouge, Louisiana, September 10, 2008.

RALPH E. TYSON, CHIEF JUDGE
MIDDLE DISTRICT OF LOUISIANA