UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)

VERSUS                                                           CIVIL ACTION

LT. GABRIEL HEBERT, ET AL                                        NUMBER 08-30-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, *March 13*        , 2009.

```
                                    _____
                                    DOCIA L. DALBY
                                    UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


THEODORE SMITH (#313084)

VERSUS                                            CIVIL ACTION

LT. GABRIEL HEBERT, ET AL                         NUMBER 08-30-RET-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 42. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Gabriel Hebert, Warden Kevin Benjamin, Capt. Michael Laborde, Maj. Chad Darbonne, Lt. Col. Louis Stroud, Rachel Taylor, Capt. B. (Boris) Whitaker, Lt. Chad Hukin, Lt. Todd Barrere, Lt. David Voorhies Jr., Warden Burl Cain, and former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder. Plaintiff amended the complaint to add defendants Lt. Col. Harold Sterling, Maj. James Tillman, Capt. Irving Stammriech, Angela R. Day, and Maj. Timothy Leonard.[2] Plaintiff alleged that he was denied participation in the prison vocational school, he was issued several false disciplinary reports in retaliation for filing administrative grievances, and he was beaten without provocation in violation of

---

[1] Record document number 48.

[2] See record document numbers 15, 16, 17 and 19.

his constitutional rights. Plaintiff amended the complaint to allege that his property was destroyed in retaliation for filing administrative grievances and he was subjected to unconstitutional conditions of confinement.[3]

## Factual Background

Plaintiff alleged that in 2006 he was issued a disciplinary report accusing him of having received a pair of cleats from an employee. Plaintiff alleged that he was issued a Rule No. 30 H disciplinary report which prohibits bribing, influencing or coercing anyone to violate institutional policies, procedures, rules and state or federal laws, or attempting to do so. Plaintiff alleged that the disciplinary report was false and was issued in retaliation for the plaintiff having knowledge of wrongdoing by correctional officers. Plaintiff alleged that although he was not guilty of the disciplinary infraction he pled guilty to the disciplinary charges and was sentenced to a living quarters change. In addition, the plaintiff was removed from vocational school. Plaintiff alleged that months later he made repeated requests to be readmitted to the vocational school. Plaintiff alleged that when officials denied his requests, he filed an administrative grievance on April 9, 2007 against Warden Benjamin, Day, Gus Watson and unidentified compound security. Plaintiff alleged that Warden Benjamin exerted pressure on him to dismiss the administrative grievance. Plaintiff alleged that after he refused to dismiss the administrative grievance he was subjected to several acts of retaliation.

Plaintiff's complaint revolves around what he contends are acts of retaliation

---

[3] Plaintiff's claims that he was subjected to an excessive use of force and that the excessive force was applied in retaliation for filing an administrative grievance were previously dismissed for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Record document number 79.

stemming from the April 9, 2007 administrative grievance he filed against the defendants. Plaintiff has also asserted separate claims within that overarching claim. For example, where he claims a false disciplinary report was filed in retaliation for filing an Administrative Remedy Procedure ("ARP") against Warden Benjamin, he also makes a separate claim of an "unfair" disciplinary report. Defendants have addressed both the overarching retaliation claim as well as the separate and independent claims in the motion to dismiss.

Defendants[4] moved to dismiss the original and amended complaints for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

## A. Failure to State a Claim

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] B. (Boris) Whitaker was not served with the summons and complaint and did not participate in the defendants' Motion to Dismiss.

127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[5]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

**1. Prescription**

Plaintiff alleged that on July 17, 2006, he was issued a false disciplinary report in order to have him removed from the vocational school. Plaintiff alleged that he was accused of obtaining a pair of cleats from an employee in violation of prison policy. Plaintiff alleged that he was issued the false disciplinary report after he observed Maj. Leonard

---

[5] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

4

engaged in an inappropriate act with another corrections officer and overheard a conversation between Warden Benjamin and another inmate regarding drugs at the penitentiary. Plaintiff alleged that he pled guilty to the disciplinary charges and was laterally transferred to another housing unit and work assignment. Plaintiff alleged that as a result of the transfer, he was no longer able to attend vocational school.

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on January 9, 2008 and it was filed on January 11, 2008. Therefore, any claims plaintiff had against these defendants regarding acts which occurred prior to January 9, 2007 have prescribed.

Nor does the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affect this court's decision. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state. In the instant case,

however, the plaintiff's ARPs LSP-2007-1208, LSP-2007-1695 and LSP-2007-2854, filed on April 9, 2007, June 2, 2007, and August 23, 2007, respectively, are unrelated to the events which allegedly occurred prior to January 9, 2007. Accordingly, these ARPs can have had no effect upon the limitations period applicable to the plaintiff's claims which arose prior to January 9, 2007. Plaintiff's claims regarding the issuance of a false disciplinary report on July 17, 2006 and his removal from the vocational school are prescribed.

### 2. Official Capacity

Defendants sought dismissal of the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity

when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendants in their official capacity, his official capacity claim is also actionable under § 1983.

### 3. Retaliation Claims

Plaintiff alleged that he was issued false disciplinary reports, denied due process at disciplinary board hearings, transferred to a minimum security farm line and his property was lost or stolen - all in retaliation for filing and refusing to dismiss ARPs LSP-2007-1208, LSP-2007-1695 and LSP-2007-2854. Specifically, the plaintiff alleged that : (1) Capt. Laborde, Taylor, Lt. Barrere and Lt. Voorhies issued false disciplinary reports on June 5, July 6, and December 13, 2007, (2) he was denied due process during disciplinary hearings conducted by Lt. Col. Sterling and Maj. Tillman regarding disciplinary reports issued by Taylor on July 6 and disciplinary reports issued by Lt. Barrere and Lt. Voorhies on December 13, (3) on June 20, 2007, Lt. Col. Stroud transferred him to minimum security farm line, and (4) Capt. Stammreich lost or destroyed his property.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*,

7

343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id.* The inmate must prove direct evidence of motivation, or he must allege a chronology of events from which retaliation may plausibly be inferred. *Id.*

Plaintiff's allegations regarding retaliation are sufficient to state a claim upon which relief can be granted.

### 4. Separate and Independent Claims

Most of the remaining claims are carved out of the retaliation claims as separate and independent claims as opposed to being used simply as evidence of retaliation.

### A. Conditions of Confinement

Plaintiff alleged that between July 6 and September 18, 2007, he was subjected to unconstitutional conditions of confinement while housed in administrative lockdown. Specifically, the plaintiff alleged that he was confined to a cell with inadequate sunlight and fresh air, he was denied the opportunity to exercise outside of his cell, his telephone privileges were curtailed and he was denied access to research materials. Plaintiff alleged that he suffered emotional pain and mental anguish as a result of the unconstitutional conditions of confinement.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged unconstitutional conditions of confinement.

### B. Equal Protection Claim

Plaintiff alleged that Day is the principal of the education programs at the state penitentiary. Plaintiff alleged that Day and Warden Benjamin would not permit him to attend vocational school in violation of his equal protection rights. Specifically, the plaintiff alleged that he requested permission from Day to attend vocational school. Day responded that she would place his name on the backlog list but that Warden Benjamin had ordered her not to admit him to the vocational school. Plaintiff claims that when he asked Warden Benjamin to permit his admission to vocational school, Warden Benjamin told him that he did not like the plaintiff, would not order Day to admit him to the vocational school, and then Warden Benjamin cursed at him and called him a "spoiled little white boy."

To prove a cause of action under § 1983 based on a violation of equal protection, the plaintiff must demonstrate that the officials acted with a discriminatory purpose. *Woods v. Edwards*, 51 F.3d 577 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of,

the adverse impact it would have on an identifiable group. *Id.* A violation of the equal protection clause occurs only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Since an equal protection claim requires only that "a" motive, rather than "the" motive be discriminatory, plaintiff has met his burden under *Erickson* to put the defendants on notice of an equal protection claim based, at least in part, on race.

### C. Verbal Abuse Claims

Plaintiff alleged that Warden Benjamin cursed at him and Warden Benjamin and Maj. Darbonne threatened him with disciplinary action.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against Benjamin, Darbonne, and Guthrie regarding verbal abuse as separate and independent claims are therefore insufficient to raise a constitutional violation.

### D. Unfair Disciplinary Report Claim

Plaintiff alleged that on May 31, 2007, he was ordered to attend tier walker training. Plaintiff alleged that when he refused to participate in the training he was issued a disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he

did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Plaintiff's claim regarding the issuance of a false or unfair disciplinary report asserts neither a sufficient liberty interest nor a significant due process concern. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984); *see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

### E. Unfair Investigation Claim

Plaintiff alleged that Lt. Hebert conducted an investigation into disciplinary charges lodged against him. Plaintiff alleged that Lt. Hebert completed his investigation report relying on false confidential informant sheets which were submitted after the disciplinary report was issued.

The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The procedures include the use of information provided by confidential informants. These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### F. Property Claim

Plaintiff alleged that Lt. Voorhies and Lt. Barrere destroyed his personal property during a search of his cell on December 13, 2007.

Plaintiff alleged that he has been deprived of his property without due process of law. Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*,

451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

### G. Supervisory Liability Claims

Plaintiff alleged that Warden Cain lied in correspondence to United States Congressman Richard Baker. Plaintiff further alleged that Warden Cain and Secretary Stalder were made aware of the plaintiff's allegations that his constitutional rights were violated but took no action to remedy the situation.

First, the plaintiff's allegation that Warden Cain lied to Congressman Baker does not rise to the level of a constitutional violation. Second, the plaintiff's allegation that Warden Cain and Secretary Stalder are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### H. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court to hear his state law claims. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the

district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367. The court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims if his federal claims are dismissed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted in part, dismissing all of the plaintiff's claims except the plaintiff's equal protection claim against Kevin Benjamin and his retaliation claims against Michael Laborde, Rachel Taylor, Todd Barrere, David Voorhies, Harold Sterling, James Tillman, Louis Stroud and Irving Stammriech. It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law and this action be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, March 13, 2009.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE